# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STRECK, INC., a Nebraska corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RESEARCH & DIAGNOSTIC SYSTEMS, INC., a Minnesota corporation; and TECHNE CORPORATION, a Minnesota corporation,<br><br>    Defendants. | CASE NO. 8:06CV458<br><br>(JURY TRIAL DEMANDED)<br><br>**DEFENDANTS' ANSWER AND SEPARATE DEFENSES, AND R&D SYSTEMS' COUNTERCLAIMS** |

Defendants Research & Diagnostic Systems, Inc. ("R&D Systems") and Techne Corporation ("Techne"), through their attorneys, hereby submit their answer and separate defenses to Plaintiff Streck, Inc.'s ("Streck") Complaint. R&D Systems hereby further submits its counterclaims against Streck.

## JURISDICTION AND VENUE

1.   This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code § 1 et seq. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

**ANSWER**:   Defendants admit that this action is purportedly one for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. While defendants do not contest subject matter jurisdiction, the remaining allegations of this paragraph are legal conclusions to which no answer is required or made.

2.   Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

**ANSWER**:   While defendants do not contest venue, the allegations of this paragraph are legal conclusions to which no answer is required or made.

## THE PARTIES

3.  Streck is a corporation organized under the laws of Nebraska, having a place of business at 7002 South 109th Street, LaVista, NE 68128.

**ANSWER**:   Defendants admit the allegations of paragraph 3.

4.  On information and belief, Defendant Research & Diagnostic Systems, Inc., ("R&D") is a corporation organized under the laws of Minnesota, having a principal place of business at 614 McKinley Place NE, Minneapolis, MN 55413.

**ANSWER**:   Defendants admit the allegations of paragraph 4.

5.  On information and belief, Defendant Techne Corporation ("Techne") and is a corporation organized under the laws of Minnesota having a principal place of business at 614 McKinley Place NE, Minneapolis, MN 55413.

**ANSWER:**   Defendants admit the allegations of paragraph 5.

## BACKGROUND

6.  Plaintiff Streck is a leader in the development of hematology control products.  Hematology controls are used to assist in the calibration, operation and accumulation of quality control data for automated blood cell counting instruments.  More particularly, controls are utilized to determine whether the parameters measured by these instruments (such as red blood cell county, white blood cell count, and platelet count) are reliable.  Over a number of years, hematology instruments have improved, allowing more types of blood components to be analyzed in a single instrument.  Improvements in hematology controls have mirrored instrument improvements, with many of today's control products containing particles corresponding to one or more of the following blood components:  red blood cells, white blood cell, nucleated red blood cells, platelets, and reticulocytes.  Hematology controls containing a number of different blood components are sometimes referred to in the industry as "complete" or "integrated" controls.  Streck makes and sells integrated hematology controls for use in a variety of hematology instruments.

**ANSWER**:   Defendants deny that Streck is a leader in the development of hematology control products, and deny that controls containing a number of different blood components are referred to in the industry as "complete" or "integrated." Defendants admit the remaining allegations of paragraph 6.

7. Recognizing the value of Streck's hematology control technology, Defendants have made, used, sold, and offered for sale integrated hematology control products (e.g., the "CBC-XE" and the "CBC-4K Plus Retics" hematology controls) in this judicial district in violation of Streck's patent rights.

**ANSWER**: Defendants admit only that R&D Systems makes and sells hematology control products, including products under the names CBC-XE and CBC-4K Plus Retics. Defendants deny the remaining allegations of paragraph 7.

## CAUSES OF ACTION FOR PATENT INFRINGEMENT

8. On March 31, 2001 United States Patent No. 6,200,500 BI (the '500 patent), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements," was duly and legally issued to Streck. A copy of said patent is attached as Exhibit A.

**ANSWER**: Defendants admit only that the document attached to the Complaint and labeled "Exhibit A" appears to be a copy of United States Patent No. 6,200,500 B1 ("the '500 patent"), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements" and issued on March 13, 2001. Defendants deny that the '500 patent was duly and legally issued to Streck, and deny the remaining allegations in paragraph 8.

9. On April 24, 2001, 1993 [sic], United States Patent No. 6,211,688 B1 (the '688 patent), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements," was duly and legally issued to Streck. A copy of said patent is attached as Exhibit B.

**ANSWER**: Defendants admit only that the document attached to the Complaint and labeled "Exhibit B" appears to be a copy of United States Patent No. 6,221,668 B1 ("the '668 patent"), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements" and issued on March 13, 2001. Defendants deny that the

3

'668 patent was duly and legally issued to Streck, and deny the remaining allegations in paragraph 9.

10. On June 4, 2002, United States Patent No. 6,399,388 B1 (the '388 patent), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements," was duly and legally issued to Streck. A copy of said patent is attached as Exhibit C.

**ANSWER**: Defendants admit only that the document attached to the Complaint and labeled "Exhibit C" appears to be a copy of United States Patent No. 6,399,388 B1 ("the '388 patent"), entitled "Hematology Control and System for Multi-Parameter Hematology Measurements" and issued on March 13, 2001. Defendants deny that the '388 patent was duly and legally issued to Streck, and deny the remaining allegations in paragraph 10.

11. Streck is the sole and lawful owner of the aforementioned patents of Exhibits A-C by assignment from the inventor(s).

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, which allegations are therefore denied.

12. Streck has placed the required statutory notice on all control products it manufactures or sells under the '500, '688 [sic] and/or '388 patents.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, which allegations are therefore denied.

13. Defendants do not have any license or other right to practice the claims of the '500, '668, and '388 patents.

**ANSWER**: Defendants deny the allegations of paragraph 13.

## COUNT I

14.     Streck hereby incorporates by reference paragraphs 1-13 as fully set forth herein.

**ANSWER**:   In response to paragraph 14, defendants restate and reallege paragraphs 1-13 of their Answer.

15.     On information and belief, Defendants have infringed and continue to infringe one or more claims of the '500 patent by at least making, using, selling, and offering for sale certain integrated hematology control products (e.g., the "CBC-XE" and the "CBC-4K Plus Retics" hematology controls), and will continue to do so unless enjoined by this Court.

**ANSWER**:   Defendants deny the allegations of paragraph 15.

16.     Upon information and belief, Defendants have infringed one or more of the claims of the '500 patent by at least inducing others and contributing to infringement by others.

**ANSWER**:   Defendants deny the allegations of paragraph 16.

17.     Defendants' acts of infringement of the '500 patent, upon information and belief, have been carried out in deliberate and willful disregard of Streck's patent rights.

**ANSWER**:   Defendants deny the allegations of paragraph 17.

## COUNT II

18.     Streck hereby incorporates by reference paragraphs 1-13 as fully set forth herein.

**ANSWER**:   In response to paragraph 18, defendants restate and reallege paragraphs 1-13 of their Answer.

19.     On information and belief, Defendants have infringed and continue to infringe one or more claims of the '668 patent by at least making, using, selling, and offering for sale certain integrated hematology control products (e.g., the "CBC-XE" and the "CBC-4K Plus Retics" hematology controls), and will continue to do so unless enjoined by this Court.

**ANSWER**:   Defendants deny the allegations of paragraph 19.

20. Upon information and belief, Defendants have infringed one or more of the claims of the '668 patent by at least inducing others and contributing to the infringement by others.

**ANSWER**: Defendants deny the allegations of paragraph 20.

21. Defendants' acts of infringement of the '668 patent, upon information and belief, have been carried out in deliberate and willful disregard of Streck's patent rights.

**ANSWER**: Defendants deny the allegations of paragraph 21.

### COUNT III

22. Streck hereby incorporates by reference paragraphs 1-13 as fully set forth herein.

**ANSWER**: In response to paragraph 22, defendants restate and reallege paragraphs 1-13 of their Answer.

23. On information and belief, Defendants have infringed and continue to infringe one or more claims of the '388 patent by at least making, using, selling, and offering for sale certain integrated hematology control products (e.g., the "CBC-XE" and the "CBC-4K Plus Retics" hematology controls), and will continue to do so unless enjoined by this Court.

**ANSWER**: Defendants deny the allegations of paragraph 23.

24. Upon information and belief, Defendants have infringed one or more of the claims of the '388 patent by at least inducing others and contributing to infringement by others.

**ANSWER**: Defendants deny the allegations of paragraph 24.

25. Defendants' acts of infringement of the '388 patent, upon information and belief, have been carried out in deliberate and willful disregard of Streck's patent rights.

**ANSWER**: Defendants deny the allegations of paragraph 25.

## SEPARATE DEFENSES

### First Separate Defense

### (Non-Infringement)

Streck's claims are barred, in whole or in part, because defendants do not infringe the '500, '668, or '388 patents (collectively the "patents-in-suit").

### Second Separate Defense

### (Invalidity of the patent-in-suit)

Streck's claims are barred, in whole or in part, because the claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### Third Separate Defense

### (Failure to Mark)

Streck's claims are barred, in whole or in part, by its failure to comply with the marking requirements of 35 U.S.C. § 287.

### Fourth Separate Defense

### (Other Separate Defenses Based On Later Discovered Evidence)

Defendants reserve all separate defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**WHEREFORE**, Defendants pray for entry of judgment as follows:

A.   That Streck's Complaint be dismissed with prejudice, and that Streck take nothing thereby;

B.   That defendants be awarded their costs incurred herein;

C.   That this case be declared exceptional, and that defendants be awarded

their attorney's fees pursuant to 35 U.S.C. § 285; and

  D. For such other and further relief as the Court deems just and equitable.

## R&D SYSTEMS' COUNTERCLAIMS

  1. Research & Diagnostic Systems, Inc. ("R&D Systems) is a Minnesota Corporation with its principal place of business at 614 McKinley Place N.E., Minneapolis, MN 55413.

  2. Streck, Inc. ("Streck") is a Nebraska corporation having its principal place of business at 7002 South 109th Street, La Vista, NE 68128.

  3. This is a Counterclaim for a declaration of noninfringement and patent invalidity under 28 U.S.C. § 2201.

  4. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

  5. This Court has personal jurisdiction over Streck.

  6. Venue is proper within this district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### (NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

  7. R&D Systems incorporates and realleges paragraphs 1 through 6 of this Counterclaim as paragraph 7.

  8. Streck has asserted and continues to assert that R&D Systems infringes claims of U.S. Patent Nos. 6,200,500 ("the '500 patent), 6,221,668 B1 ("the '668 patent"), and 6,399,388 B1 ("the '388 patent") (collectively the "patents-in-suit").

  9. An actual controversy exists between R&D Systems and Streck with respect to whether certain R&D Systems products infringe the patents-in-suit.

10. The accused R&D Systems products do not infringe any valid and enforceable claim of the patents-in-suit either directly or indirectly. R&D Systems therefore is entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the accused R&D Systems products do not infringe the patents-in-suit.

## COUNT II

### (INVALIDITY OF THE PATENTS-IN-SUIT)

11. R&D Systems incorporates and realleges paragraphs 1 through 10 of the Counterclaim as paragraph 11.

12. An actual controversy exists between R&D Systems and Streck with respect to the validity of the patents-in-suit.

13. The patents-in-suit, and more particularly the claims of the patents alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in 35 U.S.C., including but not limited to Sections 102, 103, and/or 112. R&D Systems is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. §2201, that the asserted claims of the patents-in-suit are invalid.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, R&D Systems hereby demands a trial by jury.

**R&D SYSTEMS' REQUEST FOR RELIEF**

**WHEREFORE,** R&D Systems prays that the Court:

I. Deny and dismiss Streck's Complaint with prejudice.

II. Declare that R&D Systems has not infringed any valid and enforceable claim of the patents-in-suit and/or that R&D Systems is not liable for any alleged infringement of the patents-in-suit.

III. Declare that the asserted claims of the patents-in-suit are invalid.

IV. Award R&D Systems its attorneys' fees and costs of suit.

V. Award R&D Systems such other and further relief as the Court deems just and equitable.

Dated this 31st day of August, 2006.

RESEARCH & DIAGNOSTIC SYSTEMS, INC.
and TECHNE CORPORATION, Defendants,

By: s/John A. Sharp
Jill Robb Ackerman (NE# 17623)
John A. Sharp (NE# 23111)
of   BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE  68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email: jsharp@bairdholm.com

and

Kurt J. Niederluecke (MN# 0271597)
Cynthia A. Moyer (MN# 0211229)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Ste. 4000
Minneapolis, MN  55402-1425
Phone: 612-492-7000
Fax: 612-492-7077

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Roger L. Shiffermiller
    Fraser, Stryker Law Firm
    RShiffermiller@fslf.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Floyd R. Nation
    Howrey LLP
    1111 Louisiana, 25th Floor
    Houston, TX  77002

                                             s/John A. Sharp

DOCS/753095.1