IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
US DISTRICT COURT
DISTR'   . NEBRASKA

DEC – 5 2006

OFFICE OF THE CLERK

STRECK, INC.,                              )
                                           )
              Plaintiff,                   )          Case No. 8:06CV458
                                           )
v.                                         )          Judge Bataillon
                                           )
RESEARCH & DIAGNOSTIC SYSTEMS,  )          Magistrate Judge Thalken
INC., et al.                               )
                                           )          Jury Trial Demanded
              Defendants,                  )
                                           )

**PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

The Parties (Plaintiff Streck, Inc. and Defendants Research and Diagnostic Systems, Inc., and Techne Corporation) have consented to the entry of the following Protective Order pursuant to Rule 26(c), FED.R.CIV.P.

## IT IS HEREBY ORDERED THAT:

## 1.    PROCEEDINGS AND FORM OF INFORMATION GOVERNED

This Order shall govern any document, information, or other thing that is designated as containing "CONFIDENTIAL INFORMATION" as defined herein, and is furnished by any Party or non-Party to any Party in connection with this action. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions thereof.

## 2.    DEFINITION OF "CONFIDENTIAL INFORMATION"

a.      The term "CONFIDENTIAL INFORMATION" shall be interpreted to mean trade secrets, other confidential and proprietary technical, research, or development information, commercial, financial, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third Parties with whom the Parties to this action have had business relationships.

b.      The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as CONFIDENTIAL INFORMATION, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

## 3.   DESIGNATION OF "CONFIDENTIAL INFORMATION"

a.      Any information produced in this action that is reasonably believed by the producing Party to contain CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" as appropriate.

b.      The designation "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall be limited to (1) business and marketing plans, forecasts, and similar competitive analyses and strategy documents; (2) information relating to a Party's manufacturing processes, formulations, specifications, cost, pricing strategy, gross and net revenues, and gross and net profits attributable to sales of hematology reference control products and related products; (3) information relating to research and development activities with respect to hematology reference control products and related products; (4) work with third party collaborators, licensors, and licensees in respect of which a Party is subject to confidentiality obligations; and (5) non-public correspondence or filings with the United States Patent and Trademark Office and foreign patent offices and other documents made confidential by statute.

c.      The designation of CONFIDENTIAL INFORMATION shall be made at the following time: (1) For documents and things, at the time of the production of the documents or things; (2) For written responses to interrogatories or requests for admissions, at the time of the written response; (3) For declarations and pleadings, at the time of the filing of such declaration or

pleading (*see* SECTION 9(d)); (4) For deposition testimony, at the time of the testimony (*see* SECTION 9(b)) or within ten (10) business days after receipt by the designating Party of the transcript of the deposition; and (5) For oral disclosures (other than deposition testimony) that are the subject of SECTION 2(b) above, through confirmation in writing within ten (10) business days of the disclosure thereof.

d.      The designation of CONFIDENTIAL INFORMATION shall be made in the following manner: (1) For documents, by placing a legend on each page of such document; (2) For tangible objects, by placing a label or tag on the object or the container therefor, or if not practicable, as otherwise agreed; (3) For written responses to interrogatories or requests for admissions, in writing on the face of any such responses; (4) For declarations or pleadings, in writing on the face of any such declaration or pleading; (5) For depositions, following the procedure set forth in section 9(b) or in writing within ten (10) business days after receipt by the designating Party of the transcript of the deposition; and (6) For other oral disclosures, through confirmation in writing within ten (10) business days of the disclosure.

e.      It shall be the duty of the Party seeking protection of CONFIDENTIAL INFORMATION to indicate to the other Party and its attorney of record which of the materials and testimony are considered CONFIDENTIAL INFORMATION.

f.      Each Party retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations from that time forward.

g.      Disclosure by the disclosing party of its CONFIDENTIAL INFORMATION, without identifying the same as confidential as provided herein, shall not be deemed a waiver of confidentiality with regard to similar or related information, nor shall it be deemed a waiver of confidentiality with regard to the information so disclosed, notwithstanding anything to the

contrary in this Protective Order, if outside counsel for the disclosing party promptly, and prior to further dissemination by counsel, experts, or consultants for the receiving party to otherwise unauthorized recipients, notifies outside counsel for the receiving party of the scope and content of such disclosure and informs such counsel of the inadvertent or unintentional nature of such disclosure.

## 4.    RESOLUTION OF DISPUTES REGARDING DESIGNATION OF "CONFIDENTIAL INFORMATION"

a.     In the event that any Party takes issue with the designation of CONFIDENTIAL INFORMATION, such Party shall so inform the other Parties to this lawsuit, and all Parties shall make good faith efforts to resolve the dispute.

b.     In the event that the Parties are unable to resolve the dispute regarding designation of CONFIDENTIAL INFORMATION, the Party disputing the designation may raise such issue with the Court.

c.     Counsel for a non-designating Party shall have the right to assert that any information designated confidential is, in fact, in the public domain. Any information that prior to disclosure hereunder is generally known to or readily ascertainable by others who are under no restriction with respect to the dissemination of such information shall be deemed to be in the public domain. A non-designating Party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Order) of such information previously designated confidential, either obtain the approval, in writing, of the designating Party, or the approval of the Court to make such disclosure. If the non-designating Party establishes a *prima facie* case that such information is in the public domain, the designating Party shall have the burden of establishing that such information is not in the public domain.

d. If a non-designating Party challenges the confidentiality, or categorization, of material designated under this Order, the designating person shall have the burden of establishing the confidential nature of the material and/or the proper categorization thereof. The challenged designation and categorization shall remain in effect until changed by order of the Court or agreement of the designating Party.

## 5. ACCESS TO INFORMATION DESIGNATED "CONFIDENTIAL"

a. Access to information marked "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

(1) Outside attorneys of record to any Party in connection with this action, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm. Before any such person is permitted access to any of the CONFIDENTIAL INFORMATION, such person shall be informed of the existence and contents of this Protective Order.

(2) Organizations retained by the outside attorneys of record to provide litigation support services in this action. Before any such person is permitted access to any of the CONFIDENTIAL INFORMATION, such person shall be informed of the existence and contents of this Protective Order.

(3) Independent experts and consultants retained in this action by the outside attorneys of record, in so far as the outside attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, provided that any such actual or contemplated expert or consultant is not employed by any of the Parties hereto or their respective counsel, and the conditions set forth in SECTION 7 are fulfilled in relation to any such actual or contemplated expert or consultant.

(4) One in-house counsel and two employees of the receiving Party. Before any such person is permitted access to any of the CONFIDENTIAL INFORMATION, such person shall be identified in writing to the producing Party and informed of the existence and contents of this Protective Order.

(5) Outside consulting attorneys retained for purposes of this litigation, and their employees and staff. Before any such person is permitted access to any of the CONFIDENTIAL INFORMATION, such person shall be informed of the existence and contents of this Protective Order and the receiving Party shall identify the consulting attorneys in writing to the producing Party

(6) Such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

(7) The Court and its personnel.

b. All materials containing CONFIDENTIAL INFORMATION marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

## 6. ACCESS TO INFORMATION DESIGNATED "CONFIDENTIAL—OUTSIDE COUNSEL ONLY"

a. Access to information marked "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall be limited to the "qualified persons" identified in SECTIONS 5(a)(1), (2), (3), (5), (6), and (7), with the disclosure to the independent experts and consultants specified in SECTION 5(a)(3) being governed by the procedure set forth below in SECTION 7, and shall not be shown to any other persons.

7

b.      All     materials    containing    CONFIDENTIAL    INFORMATION    marked
"CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall be maintained at a location and
under circumstances to ensure that access is limited to those persons entitled to have access
under  this  Protective  Order.      Under  no  circumstances  is  information  marked
"CONFIDENTIAL—OUTSIDE COUNSEL ONLY" to be maintained on the premises of the
Parties to this action.

## 7.      DISCLOSURE TO EXPERTS

a.      Each independent expert and consultant referred to in SECTION 5(a)(3) to whom
CONFIDENTIAL INFORMATION is to be given, shown, disclosed, made available or communicated
in any way, shall first execute a declaration, in substantially the form attached hereto as **EXHIBIT
A**, agreeing to be bound by the terms of this Protective Order.

b.      At least ten (10) business days prior to the receiving Party giving, showing,
disclosing, making available or communicating CONFIDENTIAL INFORMATION to any expert or
consultant, the receiving Party shall deliver to all other Parties a copy of the declaration (**EXHIBIT
A**) signed by the person to whom CONFIDENTIAL INFORMATION is proposed to be disclosed, and a
writing setting forth the person's (i) name, (ii) residence and office addresses, (iii) present
employer and job description, (iv) a general description of consulting activities, (v) any
relationship to the Parties to this action, and (vi) a brief job history for the past three years if the
person's current employment has been for less than three years.

c.      Any other Party shall be entitled to object to such disclosure to the expert or
consultant within nine (9) business days after service of the declaration by stating specifically in

DM_US\8392488.v1                                                                                8

writing the reasons why that Party believes such person should not receive CONFIDENTIAL INFORMATION.

    d.    In the event of such an objection, no disclosure of CONFIDENTIAL INFORMATION shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting Party to apply for an order that disclosure not be made to such expert or consultant, or be made only under certain conditions. The objecting Party shall seek to have any such application heard on the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all Parties. If no such motion is made in such time and manner, CONFIDENTIAL INFORMATION may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such an application is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the application, and then only in accordance with the ruling so made. The filing and pendency of such application shall not limit, delay or defer any disclosures of the CONFIDENTIAL INFORMATION to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

## 8.    USE OF "CONFIDENTIAL INFORMATION" GENERALLY

CONFIDENTIAL INFORMATION disclosed pursuant to this Protective Order shall be used only for purposes of the above captioned litigation and shall be protected from any unauthorized or unrelated use.

DM_US\8392488.v1

9

## 9.   USE OF "CONFIDENTIAL INFORMATION" IN CONDUCT OF THIS ACTION

a.   CONFIDENTIAL INFORMATION may be used by the attorneys of record in good faith in conducting discovery, provided that the CONFIDENTIAL INFORMATION is protected pursuant to the terms and conditions of this Protective Order.

b.   At any deposition session, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" or when counsel for a person (Party or non-Party) deems that the answer to a question may result in the disclosure of CONFIDENTIAL INFORMATION of his or her client within the meaning of this Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may designate that portion of the transcript either "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" or direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in the manner set forth in SECTION 9(d).  When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in SECTIONS 5-7, and the information contained therein shall not be used for any purpose other than as provided in this Protective Order.   Counsel for the person whose CONFIDENTIAL INFORMATION is involved may also request that all persons other than the reporter, counsel, and individuals authorized under SECTIONS 5-7 leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

d.   All information designated as CONFIDENTIAL INFORMATION that is filed or lodged with the Court shall be filed or lodged in accordance with the Administrative Procedure for

Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, III A, p. 23 and Local Civil Rule 7.5, p. 11.

## 10.    PARTY'S OWN INFORMATION

The restrictions on the use of CONFIDENTIAL INFORMATION established by this Protective Order are applicable only to the use of CONFIDENTIAL INFORMATION received by a Party from another Party or from a non-Party. A Party is free to do whatever it desires with its own CONFIDENTIAL INFORMATION.

## 11.    DISCLOSURE TO AUTHOR OR ADDRESSEE

Nothing herein shall prohibit a Party, or its counsel, from disclosing a document that contains CONFIDENTIAL INFORMATION to the person who is an author, addressee or recipient of such document, or where the person to whom the document will be disclosed is an employee, former employee, agent, or former agent of the designating party, and there is a good faith belief that the person to whom the document will be shown has knowledge as to its content.

## 12.    RENDERING ADVICE TO CLIENTS

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of CONFIDENTIAL INFORMATION produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any CONFIDENTIAL INFORMATION produced by another Party if that disclosure would be contrary to the terms of this Protective Order.

## 13. NO WAIVER

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets of any Party. The procedures set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

## 14. NO PROBATIVE VALUE

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any CONFIDENTIAL INFORMATION. The fact that information is designated "CONFIDENTIAL INFORMATION" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court the question of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the Party complies with the foregoing procedures. Absent a stipulation of all Parties, the fact that information has been designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE

COUNSEL ONLY" under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

## 15.   TERMINATION OF LITIGATION

a.      Within thirty (30) days after the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals or by settlement, the attorneys of record for each Party shall destroy or return to the disclosing Party, or to its attorney of record, all CONFIDENTIAL INFORMATION in their (and their represented Party's, and their experts' and consultants') possession, custody, or control, except that each Party's outside litigation counsel may retain for archival purposes copies of all documents filed and/or served including exhibits and attachments thereto, depositions and exhibits, trial testimony and exhibits, correspondence files, and related work product (whether in hard copy or electronic format), as may in such counsel's view be appropriate to preserve an accurate record of the proceedings. The attorney of record for each Party shall thereafter deliver to the disclosing Party, or to its attorneys of record, written confirmation that they (and their represented Party, and their experts and consultants) have complied in full with the terms of this section (or, if they have not so complied, they shall so state and identify the reason for non-compliance in which event the disclosing Party may make application to the Court for such further order as may be appropriate).

b.      Nothing in this provision shall require counsel to destroy all copies of electronic word processing files or database files stored in computer memory or archival media (such as

DM_US\8392488.v1                                                                                                13

electronic files stored on physical hard drive media systems or network backup tapes) that may contain CONFIDENTIAL INFORMATION.

c.    Counsel shall not provide to any third party any document or electronic file containing CONFIDENTIAL INFORMATION that may be retained for archival purposes under this section except pursuant to an order of court or governmental body compelling such production. Upon receipt of any request for production of CONFIDENTIAL INFORMATION from any third party, counsel promptly shall notify the attorney of record for the disclosing Party so that it may intervene to protect its interests.

## 16.    INADVERTENT OR UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL

In the event that any Party believes it has inadvertently or unintentionally disclosed to another Party information subject to attorney-client privilege, work-product immunity, or other privilege or immunity, it shall promptly notify the other Party of such belief and the substance of the information so disclosed. The Parties reserve all rights at law and in equity with respect to such information including, but not limited to, the right to seek the return of such information and to preclude the further use and/or dissemination thereof. For a period of fourteen (14) days commencing on the date of such notice, the receiving party shall use its best efforts to ensure that no further disclosure nor use thereof shall be made. In the event the disclosing party shall, within such fourteen (14) day period, submit to the Court a request for an order to have the receiving party return to the disclosing party such information and make no further use thereof, the receiving party shall use its best efforts to ensure that no further disclosure nor use thereof shall be made by the receiving party until the Court has ruled on the request.

14

## 17.   ENFORCEMENT OF THIS PROTECTIVE ORDER

This Protective Order shall survive the final conclusion of this action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action.

## 18.   MODIFICATION OF THIS PROTECTIVE ORDER

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, application upon at least ten (10) business days notice to the other Party, or noticed motion to all Parties that must be served and filed in accordance with local court rules.

## 19.   PROTECTION OF THIRD PARTY INFORMATION

The protections provided by this Protective Order will apply to CONFIDENTIAL INFORMATION produced or provided by Third Parties in this action.

Dated: **November 5, 2006**

UNITED STATES MAGISTRATE JUDGE

CONSENTED TO:

November ____, 2006

STRECK, INC.

By: _____

Roger L. Shiffermiller, #19127
  Email: Shiffermiller@FraserStryker.com
FRASER, STRYKER, MEUSEY, OLSON,
  BOYER & BLOCH, P.C.
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Facsimile: (402) 241-8290

Floyd R. Nation
  Email: NationF@howrey.com
Melinda L. Patterson
  Email: PattersonM@howrey.com
Merritt D. Westcott
  Email: WestcottM@howrey.com
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

*Attorneys for Plaintiff*
*Streck, Inc.*

RESEARCH & DIAGNOSTIC SYSTEMS, INC.
AND TECHNE CORPORATION

By:

Jill Robb Ackerman, NE# 17623
John A. Sharp, NE# 23111
  Email: jsharp@bairdholm.com
BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
Telephone: (402) 344-0500
Facsimile: (402) 344-0588

Kurt J. Niederluecke, MN# 0271597
Cynthia A. Moyer, MN#0211229
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

*Attorneys for Defendants*
*Research & Diagnostic Systems, Inc.*
*and Techne Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STRECK, INC.,                                    )
                                                 )
                 Plaintiff,                      )        Case No. 8:06CV458
                                                 )
v.                                               )        Judge Bataillon
                                                 )
RESEARCH & DIAGNOSTIC SYSTEMS,                   )        Magistrate Judge Thalken
INC., et al.                                     )
                                                 )        Jury Trial Demanded
                 Defendants,                     )
                                                 )

**DECLARATION REGARDING RECEIPT
OF CONFIDENTIAL INFORMATION**

I, _____, declare that:

1.    My address is _____

_____, and the name and address of my present employer is

_____.

My    present    occupation    or    job    description    is    _____

_____.

2.    In addition to my other job functions, I am working as a consultant to

_____

_____.

3.    My    relationship    to    plaintiff/defendant    is    _____

_____.

4.      I have received a copy of the Protective Order Regarding Confidential Information (the "**Protective Order**") in this action.

5.      I have carefully read and understand the provisions of the **Protective Order**, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any CONFIDENTIAL INFORMATION received under the protection of the **Protective Order** in violation thereof.

6.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the **Protective Order,** and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things which come into my possession, or which I have prepared relating thereto, to counsel for the party by whom I am retained.  I acknowledge that such return, or the subsequent destruction of such materials, shall not relieve me from any of the continuing obligations imposed upon me by the **Protective Order**.

I declare under penalty of perjury under the laws of the State of Nebraska that the foregoing is true and correct.

Executed this _____ day of _____, 200_, at _____, in the State of _____.

_____
(Signature)