IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRECK, Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | 8:06CV458 |
| | ) | |
| vs. | ) | |
| | ) | |
| RESEARCH & DIAGNOSTIC SYSTEMS, Inc., and TECHNE Corporation, | ) ) ) | ORDER |
| | ) | |
| Defendants/Counterclaimants. | ) | |
| | ) | |

This matter is before the court on defendants/counterclaimants' motion to dismiss or for a stay of this action pending resolution of an interference action,[1] Filing No. 31. Plaintiff opposes the motion. Filing No. 36. This is an action for patent infringement. Streck asserts that Research and Diagnostic Systems, Inc. ("R&D") and Techne Corp. ("Techne") have infringed three of its patents for hematology control technology: (1) United Stated Patent No. 6,200,500 B1 ("the '500 patent") issued on March 31, 2001; (2) United States Patent No. 6,221,668 B1 ("the '688 patent") issued on April 24, 2001; and (3) United States Patent No. 6,399,388 B1 ("the '388 patent") issued on June 4, 2002 (collectively, the "patents-in-suit"). In their answer, defendants/counterclaimants contest the validity of the patents and deny infringing the patents. Defendants/counterclaimants contend that the asserted claims in the patent-in-suit are invalid under 35 U.S.C. 102(g) because Dr. Alan

---

[1] An interference is a proceeding in which the United States Patent and Trademark Office ("PTO") conducts an examination into the patentability and priority of invention of subject matter claimed by two or more opposing parties. 35 U.S.C. § 135.

Johnson invented the claimed subject matter first.  Filing No. 32, Index of Evidence, Ex. C at 1-2.

The record shows that an interference has been declared between the Streck patents at issue and Alan R, Johnson's "reticulocyte containing complete blood control," U.S. Patent Application No. 10/086,995 ("the '995 application").  *Id.*, Ex. A.  In the interference proceeding, Streck is designated as the "senior party."  *Id.*  Streck will thus enjoy a presumption as the first inventor.  *See* 37 C.F.R. § 41.207; *Falko-Gunter Falkner v. Inglis,* 448 F.3d 1357, 1361, n.2 (Fed. Cir. 2006).

The grant of a stay is within the sound discretion of the court based on the court's inherent power to control its docket.  *See Landis v. North American Corp.,* 299 U.S. 248, 254 (1936).  In deciding whether to grant a stay, the court must consider the "possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case."  *United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F. Supp. 212, 217 (D. Del. 1991).

This action was filed over one year ago.  The parties have exchanged the contentions on the issues of infringement and validity and have each produced a number of documents.  The motion to stay was filed one month before a *Markman* hearing was scheduled to occur.  The record shows that R&D's request for an interference was filed on June 12, 2003, and the PTO declared an interference only recently.  Filing No. 32, Index of Evid., Exs. A & D.  Under the circumstances, the court finds it would not be equitable to stay and further delay this action, potentially for a number of years, in favor of the interference proceeding before the PTO.  The parties agree that the PTO's finding will not

be binding on this court.  Also, the resolution of the priority issue by the PTO will not necessarily resolve all the issues in this litigation.  Accordingly,

IT IS ORDERED:

1. Defendants/counterclaimants' motion to dismiss or stay this action is denied.

2. Pursuant to the court's earlier order, Filing No. 35, the parties shall have **ten (10) business days** from the date of this order in which to schedule a planning conference with the court.  Counsel for the plaintiff shall contact the chambers of Magistrate Judge Thalken within such time period to schedule the planning conference.

DATED this 14th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon  
Chief United States District Judge