IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRECK, INC., a Nebraska corporation, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV458 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RESEARCH & DIAGNOSTIC SYSTEMS, INC., a Minnesota corporation, and TECHNE CORPORATION, a Minnesota corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Emergency Motion to Amend Protective Order (Filing No. 104).[1] The plaintiff filed a brief (Filing No. 107) and an index of evidence (Filing No. 106) in support of the motion. The court set the motion for a telephone conference to be held on June 23, 2008. The defendants filed a response brief (Filing No. 109) on the same day as the telephonic hearing. The court determined an abbreviated briefing schedule was appropriate and allowed the defendants additional time to fully brief the issues. **See** Filing No. 110. The defendants then filed a brief (Filing No. 112) and an index of evidence (Filing No. 113) in opposition to the plaintiff's motion. The plaintiff filed a brief (Filing No. 119) and an index of evidence (Filing No. 120) in reply. Finally, the defendants filed a motion (Filing No. 125) seeking leave to file a sur-reply brief (Filing No. 125-2) with and index of evidence (Filing Nos. 125-3 and 125-4). As an initial matter, the court will grant the defendants' motion to file the sur-reply and considered the filed documents *instanter*.

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

## BACKGROUND

This is an action for patent infringement. Streck, Inc. (Streck) asserts that Research & Diagnostic Systems, Inc. (R&D Systems) and Techne Corporation (Techne) have infringed three of Streck's patents for hematology control technology: (1) U.S. Patent No. 6,200,500 B1 ('500 patent) issued on March 31, 2001; (2) U.S. Patent No. 6,221,668 B1 ('688 patent) issued on April 24, 2001; and (3) U.S. Patent No. 6,399,388 B1 ('388 patent) issued on June 4, 2002 (collectively, the patents-in-suit). **See** Filing No. 1 - Complaint. Streck states "[h]ematology controls are used to assist in the calibration, operation and accumulation of quality control data for automated blood cell counting instruments." *Id.* ¶ 6. Streck also alleges that "[h]ematology controls containing a number of different blood components are sometimes referred to in the industry as 'complete' or 'integrated' controls. Streck makes and sells integrated hematology controls for use in a variety of hematology instruments." *Id.* Streck states the patents-in-suit generally cover integrated controls having a reticulocyte component, hematology control compositions containing components for mimicking at least reticulocytes and white blood cells. Streck alleges R&D Systems and Techne have made, used, and sold integrated hematology control products, including the CBC-XE and the CBC-4K Plus Retics. *Id.* ¶ 7.

R&D Systems and Techne contest the validity of the patents-in-suit and deny infringing on them. **See** Filing No. 14 - Answer. R&D Systems also contends the asserted claims in the patents-in-suit are invalid, for a number of reasons. *Id.* R&D specifically argues the patents-in-suit are invalid under 35 U.S.C. § 102(g) because another invented the claimed subject matter first.

After this litigation began, the Patent and Trademark Office (PTO) declared an Interference between the plaintiff's patents and a patent application of the defendants. Thus, the parties are participating in a proceeding parallel to this case and related by virtue of the patents and subject matter. The Interference proceeding, governed by the Board of Patent Appeals and Interferences, has progressed from the preliminary motions phase to the final "priority" phase. At this phase, the Board will determine whether the plaintiff or the defendants were the first to invent the technology at issue. The schedule issued by the Board requires the defendants to present proof of priority by July 23, 2008; and the plaintiff

by September 24, 2008. Such proof is to include a brief with supporting declarations and research documents. The plaintiff states its cross-examination of the defendants' evidence is limited to only those documents the defendants submit to the Board.

On December 4, 2006, the parties filed a joint motion for protective order regarding confidential information. **See** Filing No. 24. On December 5, 2006, the court entered the protective order. **See** Filing No. 25. The protective order provides, in relevant part:

> CONFIDENTIAL INFORMATION disclosed pursuant to this Protective Order shall be used only for purposes of the above captioned litigation and shall be protected from any unauthorized or unrelated use.

*Id.* ¶ 8.

At this time, the plaintiff seeks to modify the protective order to allow certain documents, which were produced by the defendants during this litigation, to be used in the Interference proceeding. Specifically, the plaintiff seeks leave to use:

> [The defendants'] prior invention documents (documents dated before, generated before, or referencing work done before [the defendants'] patent filing date of October 18, 1999)**.**

**See** Filing No. 107 - Brief p. 3.

The plaintiff argues modification of the protective order is necessary due to the defendants' conduct during the Interference proceeding and the possibility the Board may not have complete information. Ultimately, the plaintiff contends it would be at an unfair disadvantage without the opportunity to disclose the documents. Additionally, the plaintiff contends it has a duty under the Board's rules and procedures to provide the information, if the defendants do not. Specifically, the plaintiff contends the evidence shows the defendants' prior art was abandoned before filing the patent application. Further, the plaintiff states the confidentiality of the documents are not at risk because the Board has confidentiality rules, which would protect the documents from public disclosure. Finally, the plaintiff notes it does not seek additional discovery, but merely to use documents in its possession in a related matter. The plaintiff assures the court it would only use the documents for the stated purpose.

The defendants oppose a modification to the protective order which would allow the plaintiff to use documents discovered in this case for the Interference proceeding. The

defendants argue the modification abuses their reliance on the protective order, which was negotiated between the parties. Additionally, the defendants contend use of the documents as the plaintiff intends violates PTO rules and circumvents PTO procedures. The defendants assert the plaintiff misapplies patent law, misinterprets the documents and mischaracterizes the defendants' conduct. In any event, the defendants argue the plaintiff fails to show extraordinary circumstances or a compelling need to modify the protective order.

## ANALYSIS

An order protecting disclosure or discovery is granted only upon a showing of good cause, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." **See** Fed. R. Civ. P. 26(c)(1)(G). When determining the level of protection to afford particular information a court "must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests." *BASF Corp. v. United States*, 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004) (citation omitted). "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." *Andrx Pharms., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) (**quoting** *Safe Flight Instr. Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

> Where parties to a lawsuit are commercial competitors, and one of them moves for protection against misuse of its confidential technical information, the court must balance the risk to the moving party of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of the other party's claims.

*Andrx Pharms.*, 236 F.R.D. at 585; **accord** *Nellson N. Operating, Inc. v. Elan Nutrition, LLC,* 238 F.R.D. 544, 546 (D. Vt. 2006) (balancing the movant's interests against the disclosing party's interest in protecting confidential commercial information from disclosure to competitors.) (**quoting** *BASF Corp.*, 321 F. Supp. 2d at 1378).

"When a party seeks modification of a confidentiality order, they must 'come forward with a reason to modify the order.'" *Arnold v. Pennsylvania, Dep't of Transp.,* 477 F.3d 105, 108 (3d Cir. 2007) (**quoting** *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 790 (3d Cir. 1994)). Specifically, "[t]he party seeking the modification must explain why its need for the materials outweighs existing privacy concerns." *MSC.Software Corp. v. Altair Eng'rg, Inc.,* No. 07-CV-12807, 2008 WL 2478313, at *1 (E.D. Mich. June 17, 2008) (Slip Copy). Some courts hold the burden is not easily met as there is a "stringent standard for modification," . . . "a confidentiality order can only be modified if an extraordinary circumstance or compelling need warrants the requested modification." *Pansy*, 23 F.3d at 789 (citing cases). In contrast, other courts hold the movant to a more lenient standard by incorporating a balancing test. *Id.* at 789-90 (citing cases). The *Pansy* court identified a number of factors for the good cause balancing test used to issue or modify a protective order including: (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; and (3) the parties' reliance on the protective order. *Id.* at 787-89.

Regardless of the standard used, the court finds the plaintiff has met its burden of demonstrating legal and factual justification for modification of the existing protective order. The plaintiff has presented a legitimate and not improper purpose for use of the documents outside this litigation. The plaintiff's need is compelling and presents an extraordinary circumstance. Furthermore, the defendants have shown no recognizable interest in preventing the disclosure. There appears to be no risk of inadvertent public disclosure or other commercially damaging disclosure. The defendants' reliance on the protective order at the time of disclosure does not outweigh the competing interests. The documents at issue will likely be disclosed by the defendants at the Interference proceeding in whole or in part, regardless of the outcome of the plaintiff's motion.

The defendants' concern about circumvention of the rules and procedures used by the PTO is unfounded. Whether the documents may ultimately be admissible in the Interference proceeding is not for this court to decide. However, the plaintiff should not be hamstrung in the patent proceeding by the protective order in this litigation under the circumstances presented here. Accordingly, the plaintiff's motion to modify the protective order shall be granted. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Emergency Motion to Amend Protective Order (Filing No. 104) is granted.

2. The Protective Order Regarding Confidential Information (Filing No. 25) is hereby modified to allow the plaintiff to use the defendants' prior invention documents (documents dated before, generated before, or referencing work done before the defendants' patent filing date of October 18, 1999), which were produced in this litigation, during the Interference proceeding subject to applicable PTO rules and procedures.

3. The Clerk of Court shall amend the docket text for Filing No. 25 to reflect the protective order has been modified by this Order.

4. The defendants' motion (Filing No. 125) seeking leave to file a sur-reply is granted and the documents are considered *instanter*.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 18th day of July, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge