IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STRECK, INC., a Nebraska corporation,  )
)
Plaintiff,  )
)
vs.  )
)                    8:06CV458
)
RESEARCH & DIAGNOSTIC SYSTEMS,  )
INC., a Minnesota corporation; and  )            MEMORANDUM AND
TECHNE CORPORATION, a Minnesota  )                  ORDER
corporation,  )
)
Defendants.  )

Oral argument was held May 29, 2009 on the following motions:[1]

Doc. 139    Streck's Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)
regarding the issuance of third-party subpoenas

Doc. 143    Defendants' Motion for hearing pursuant to NECivR 45.1(c) on Streck's
objections to defendants' proposed third-party subpoenas

Doc. 156    Defendants' Motion (restricted) for leave to file a supplemental brief and
evidence in support of Motion 143

Doc. 215    Defendants' Motion to amend the pretrial scheduling order (Doc. 134)

## BACKGROUND

In this action for patent infringement,  Streck alleges that defendants/counterclaimants R&D
Research & Diagnostic Systems, Inc. ("R&D"), and Techne Corporation ("Techne") "have made,
used, sold, and offered for sale integrated hematology control products (e.g., the "CBC-XE" and the
"CBC-4K Plus Retics" hematology controls) in this judicial district in violation of Streck's patent
rights."

---

[1]Streck's Motion (Doc. 157) to compel discovery responses to certain of Streck's requests for admission and
interrogatories was also heard on May 29, 2009, and will be addressed in a separate order.

The defendants deny infringement, assert the defense of invalidity, and counterclaim for a declaratory judgment of noninfringement and invalidity. R&D's principal defense is that its employee, Dr. Alan Johnson, conceived and reduced to practice the inventions at issue before Streck's claimed inventors, Dr. Wayne Ryan and John Scholl.

In March 2007, the U.S. Patent and Trademark Office declared an interference between the R&D patent application and Streck's patents in suit to determine who was the first to invent the claimed integrated reticulocyte controls, and who should be awarded patent protection. That matter was argued on February 12, 2009 but has not yet been decided by the Board of Patent Appeals and Interferences. The defendants had requested that this action be stayed until the interference was decided, but their requests for a stay were denied.[2]

On August 18, 2008, and by agreement of the parties, Magistrate Judge Thalken entered a case progression order providing, *inter alia*, that all fact and expert discovery would be completed by February 13, 2009 and setting trial for July 20, 2009 before Chief Judge Bataillon.

The court's claim construction order (Doc. 135) was entered on November 12, 2008, and the case was reassigned to me for full pretrial supervision upon the recusal of Magistrate Judge Thalken on January 5, 2009.

On January 28, 2009, pursuant to NECivR 45.1, defense counsel notified Streck of the defendants' intention to serve subpoenas on Abbott Laboratories ("Abbott"), Sysmex America, Inc. ("Sysmex") and Siemens Healthcare Diagnostics ("Siemens"), requesting information on 10 deposition topics and the production of 10 categories of documents. Pending motions 139, 143, 156 and 215 are related to Streck's objections to the proposed third-party subpoenas.

Streck served objections to the subpoenas on February 3, 2009. In summary, Streck objects to the three subpoenas

- ◄ on grounds of timeliness (the parties had agreed to a schedule that expert reports would be served by December 19, 2008; rebuttal expert reports would be served by January 27, 2009;

---

[2]During oral argument, defense counsel cogently explained how and why certain discovery disputes had arisen in this case due to the parties' simultaneously litigating the interference proceeding and the patent infringement case in two forums which utilize different standards of proof and different discovery rules.

all fact and expert discovery would be completed by February 27, 2009; dispositive motions would be filed by March 27, 2009);

▸ the information requested in the proposed third-party subpoenas could be provided directly by Streck without the need to burden Streck's customers, could be found in public records, or could be obtained by deposing Streck's expert or fact witnesses; and

▸ the subpoenas seek financial information not relevant to any claim or defense and seek irrelevant information regarding third-party document retention policies.

Specifically, the defendants want to depose Streck's designated expert witnesses, Dr. Robert Langley and Mr. James Janik, who are employed by Siemens and Abbott, respectively, on fact issues outside the scope of their expert designations. Streck advises that Abbott, Sysmex and Siemens manufacture hematology instruments and are Streck's three largest customers for the hematology control products at issue in this case. The three companies resell the controls to their own instrument customers under their own labels. Defendants contend that Abbott, Sysmex and Siemens are likely to have evidence that bears directly on the circumstances and timing of Streck's integrated reticulocyte control development, as the three companies were involved in the development of the controls themselves and each control is analyzer-specific. The parties have offered conflicting deposition testimony on whether representatives of Abbott, Sysmex and Siemens were involved in the development of Streck's control products. Defendants wish to subpoena financial records from Abbott, Sysmex and Siemens to evaluate Streck's damages calculations.[3]

The subpoenas to Siemens and Abbott include an eleventh deposition topic (covering the work and activities of Robert Langley and James Janik, and individuals under their supervision, related to the development of integrated reticulocyte controls) and an eleventh document category (for all documents concerning the work and activities of Robert Langley and James Janik, and individuals under their supervision, related to the development and testing of integrated reticulocyte

---

[3]Streck represents that it is seeking a reasonable royalty on the sales of the defendants' allegedly infringing products, to date. Based on the analysis of its own expert witness, Streck asserts that the sales of its controls by third party resellers or distributors (i.e., Abbott, Siemens and Sysmex) is irrelevant to this calculation. The defendants explain that they would like to subpoena financial and sales information from Streck's three largest customers so they can make an independent analysis of the value of a reasonable royalty for use of the control products.

controls).  (Doc. 141 -5, Doc. 141 -6, Doc. 141 -7).  The proposed subpoenas commanded that all document production be completed by February 20, 2009 and that the depositions be taken on February 26 and 27, 2009 in Chicago.

## DISCUSSION

The scope of discovery in federal civil actions is set out in Rule 26 of the Federal Rules of Civil Procedure.  Under Rule 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.  A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."  *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).  Rule 26(c) contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in certain respects.

### A.  The Third-Party Subpoenas

The defendants argue, with merit, that Streck does not have standing to raise certain objections to subpoenas on behalf of third parties.  The adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested.  *Mawhiney v. Warren Distribution, Inc.*, 2007 WL 433349 at *1, No. 8:05cv466 (D. Neb., Feb. 7, 2007), *aff'd*, 283 Fed. Appx. 424, No. 07-2753 (8th Cir., July 10, 2008); *Union Pac. R.R. Co. v. Mike's Train House, Inc.*, 2006 WL 1134781 at *3, No. 8:05cv575 (D. Neb., Apr. 25, 2006).

"Ordinarily, a party does not have standing to quash a subpoena served on a non-party."  *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 WL 4853620 at *1, Case No.

-4-

4:08MC00017 (E.D. Ark., Nov. 6, 2008).  In general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (D. Minn. 1999); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

Streck has not shown that it has any personal right or privilege whatsoever in the information sought.  Based on this court's prior decisions in *Mawhiney v. Warren Distribution* and *Union Pac. R.R. Co. v. Mike's Train House*, of which Streck's attorneys were well aware when they asserted these objections, the court finds that Streck does not have standing to lodge objections to the issuance of third-party subpoenas to "protect" the third party from undue burden, inconvenience, and the like.  Although Streck has business relationships with Abbott, Sysmex and Siemens, Streck does not represent their interests in this litigation.  The third parties themselves are in the best position to negotiate with the requesting party and, if necessary, raise their own objections pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 45(c).  Finally, there is simply no basis for Streck's bald assertion that  that Abbott, Sysmex and Siemens have no responsive documents that they never provided to Streck.

A party does have standing to move for a protective order if a third-party subpoena seeks irrelevant information.  *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).  When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671.  If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.  *Id.*

While Streck has standing to object to the subpoenas based on relevance pursuant to Fed. R. Civ. P. 26(c), its objections are without merit.  In this instance, the relevance of the information

-5-

sought by the defendants is readily apparent, considering the nature of the parties' claims and defenses. The court finds that Streck has not met its burden to establish that the discovery sought is irrelevant. Streck's objections based on relevance are overruled.

### B. Case Scheduling

Streck complains that, although the defendants' proposed discovery fell well within the dates established in Judge Thalken's case progression order, the defendants could have sought the discovery much earlier in the case. Streck is advised that, unless the court orders otherwise, methods of discovery may be used in any sequence. Fed. R. Civ. P. 26(d)(2). Although Streck's attorneys may have done things differently, they are not free to dictate the sequence of another party's discovery. The defendants' notices pursuant to NECivR 45.1 were timely served, and the parties have all acted diligently in conducting depositions and other discovery following the claim construction order entered in November 2008.

Streck itself has caused significant delay by raising specious objections to the defendants' efforts to conduct third-party discovery.[4] Delay was also caused by the reassignment of magistrate judges so late in the case.

---

[4]Remarkably, Streck has also argued that the defendants caused unreasonable delay because they could have served the deposition subpoenas for Dr. Langley and Mr. Janik before the court ruled on Streck's objections, because NECivR 45.1(b) only applies to the documents, and not the depositions themselves. NECivR 45.1 provides, in part:

**Subpoenas to Nonparties.**

**(a) Notice to Adverse Party.** No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party at least 10 business days notice before the subpoena will issue. The notice must state the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.

**(b) Objections.** After receipt of the notice, the adverse party has 5 business days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections. The objections must be filed as "objections" and not as a "motion." ***No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections.*** Nothing in this rule affects the availability of objections described in Federal Rule of Civil Procedure 45(c) and (d).

(Emphasis added). It appears to the court that taking these particular depositions without the corresponding documents would be a complete waste of time and money.

Under NECivR 6.1(a)(2), this court may grant an extension of time for good cause shown. The court finds that the defendants have shown good cause for the three-month extension they have requested.

## ORDER

For the reasons discussed in this Memorandum and Order,

**IT IS ORDERED:**

1.    Streck's Motion for Protective Order (Doc. 139) is denied.  Streck's objections to the defendants' proposed third-party subpoenas are overruled in their entirety.

2.    Defendants' Motion for hearing pursuant to NECivR 45.1(c) (Doc. 143) is granted. Defendants are granted leave to serve subpoenas on Abbott Laboratories, Sysmex America, Inc. and Siemens Healthcare Diagnostics as originally proposed.

3.    Defendants' Motion for leave to file a supplemental brief and evidence (Doc. 156) is granted, and the court has considered the brief (Doc. 156 -4) and evidence attached to the motion.

4.    Defendants' Motion to amend the pretrial scheduling order (Doc. 215) is granted, as follows:

a.    The deadline for completing fact and expert discovery is extended to **August 31, 2009**.

b.    The trial of this matter is continued from July 20, 2009 to **October 19, 2009.**

c.    The deadline for filing motions in limine is extended to **September 4, 2009.**

d.    The final pretrial conference is continued from June 16, 2009 to **Thursday, September 10, 2009 at 9:30 a.m.**, in the chambers of the undersigned, Room 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

**DATED June 1, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-7-