IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STRECK, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RESEARCH & DIAGNOSTIC SYSTEMS, INC., a Minnesota corporation; and TECHNE CORPORATION, a Minnesota corporation,<br><br>Defendants. | 8:06CV458<br><br>MEMORANDUM AND ORDER |

Oral argument was held May 29, 2009 on Streck's Motion (Doc. 157) to compel discovery responses to certain of Streck's requests for admission and the interrogatories related thereto. Counsel have complied with the requirements of NECivR 7.0.1(i). The court finds that the motion should be denied.

**BACKGROUND**

Judge Bataillon entered a claim construction order on November 12, 2008 (Doc. 135). Defendants (together, "R&D") served amended Final Invalidity Contentions and corresponding appendices on January 2, 2009 (*see* Doc. 190). On January 28, 2009, plaintiff ("Streck") served its Third Set of Requests for Admission and Second Set of Interrogatories on R&D. This motion pertains to Streck's Requests for Admission Nos. 66-91 and corresponding Interrogatories Nos. 6-11, which were all made in the following form:

*Requests for Admission*

Admit that, if valid and enforceable, claim [number] of the ['500, '668 or '338] patent, as construed by the Court, is infringed by R&D's making and selling in the United States its control product designated [name of R&D product].

*Interrogatories*

If your response to Request for Admission No. [number] is anything other than an unqualified admission, state with particularity the complete basis for such a response, including each element and limitation not present in the product designated [name of R&D product], the meaning or construction you have used for each such element or limitation you contend is not present and identify all documents that relate to your explanation why claim [number] of the ['500, '668 or '338] patent is not infringed.

Citing *Zen Inv., LLC v. Unbreakable Co.*, 2008 WL 4489803 at *3, No. 06-4424 (E.D. Pa., Oct. 7, 2008), R&D objected to the requests for admission "as requesting Defendants to assume facts that are in dispute."  The requests for admission were then denied.

R&D objected to the interrogatories as being overbroad and unduly burdensome, and to the extent they sought information protected by the attorney-client privilege and/or work product doctrine.  R&D then explained that the basis for its denials was that Streck had impermissibly requested the defendants to assume facts that are in dispute and, as provided in *Zen Investments*, the appropriate response to such an improper request is a denial of such request.  In summary, defendants' answers to the various interrogatories stated R&D's position that Streck's patent claims were invalid for failure to satisfy several specific requirements of 35 U.S.C. § 112, and because R&D's employee, Dr. Alan Johnson, was the prior inventor of the invention at issue under 35 U.S.C. § 102(g), as explained in the expert report prepared by Dr. Elkin Simson and previously provided to Streck.

**DISCUSSION**

Under Fed. R. Civ. P. 36(a), a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. The purpose of Rule 36(a)

is "'to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial.'" *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D. W. Va. 2006) (quoting *Workman v. Chinchinian*, 807 F. Supp. 634, 647 (E.D. Wash. 1992)); *see also Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 107-08 (D. Del. 2002), *aff'd*, 2003 WL 24046752, No. 00-981 (D. Del., Feb. 10, 2003). A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Thus, requests for admission "should be phrased so that they may be admitted or denied with minimal commentary." *Tulip*, 210 F.R.D. at 107-08; *see also Zen Inv., LLC v. Unbreakable Co.*, 2008 WL 4489803 at *1.

While a party may serve a request for an admission that seeks the application of law to fact, it is improper to request a party to admit a pure matter of law. *Fisher*, 235 F.R.D. at 623. Requests that seek legal conclusions are not permitted, and Rule 36 does not authorize requests for admissions of law unrelated to the facts of the case. *Fulhorst v. United Tech. Auto., Inc.*, 1997 WL 873548 at *2, No. 96-577 (D. Del., Nov. 17, 1997). "Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case.... Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *Williamson v. Correctional Med. Serv.*, 2009 WL 1364350 at *2, No. 06-379 (D. Del., May 14, 2009) (citing *Lehmann v. Harner*, 31 F.R.D. 303 (D. Md. 1962)). "Even though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled." *Phillip M. Adams & Assoc., L.L.C. v. Dell, Inc.*, 2007 WL 128962 at *2, No. 1:05-CV-64 (D. Utah, Jan. 11, 2007). "[W]hether a patent is valid

calls for a legal conclusion although its answer may depend upon factual inquiries.... Correspondingly, claim validity ... is also a legal conclusion subject to the many facts which seemingly swirl about such issues." *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990).

In this instance, Streck's requests for admissions require the defendants to assume that Streck's patents and claims are valid and enforceable – ultimate issues in the case which are now pending before Judge Bataillon on cross-motions for summary judgment.  Streck contends it is entitled to the benefit of this generous assumption because its patents are presumed valid pursuant to 35 U.S.C. § 282.  Section 282 does provide that "[a] patent shall be presumed valid[,]" and "[e]ach claim of a patent ... shall be presumed valid independently of the validity of other claims[.]"  However, in the next sentence, the statute contemplates that a patent may actually be held invalid; however, the burden of establishing invalidity rests on the party asserting invalidity.  The statute then enumerates the defenses which must be pleaded in actions involving the validity or infringement of a patent.  Considering the statute as a whole, the court finds that Streck may not rely on this "presumption of validity" as justification for serving requests for admission that are directed to the ultimate issues in the case.[1]

---

[1] While it may have been more inappropriate to serve these particular requests prior to Judge Bataillon's claim construction ruling than afterwards, including the phrase "as construed by the court" does not negate the fact that Streck's requests for admission are still directed to the ultimate issues in the case.

The court finds that Streck's requests for admission are improper under Fed. R. Civ. P. 36, and that the defendants' responses to Streck's Requests for Admission Nos. 66-91 and corresponding Interrogatories Nos. 6-11 are more than adequate.[2]

Accordingly,

**IT IS ORDERED** that Streck's Motion to Compel (Doc. 157) is denied.

**DATED June 4, 2009.**

                                    **BY THE COURT:**

                                    **s/ F.A. Gossett**
                                    **United States Magistrate Judge**

---

[2] In *Zen Inv. v. Unbreakable Co.*, 2008 WL 4489803 at *1, the court observed that "[t]he use of only the word 'denied' is often sufficient" under Rule 36. "A denial of a Rule 36 request for admission simply leaves the denied proposition in dispute for trial." *Id*.