IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STRECK, INC., a Nebraska corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RESEARCH & DIAGNOSTIC SYSTEMS, )<br>INC., a Minnesota corporation, and )<br>TECHNE Corporation, a Minnesota )<br>corporation, )<br>)<br>Defendants. )<br>_____) | 8:06CV458<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Streck's motions in limine, Filing Nos. 234, 237, 240, and 243; Streck's objection, Filing No. 265; Research & Diagnostic Systems, Inc. and Techne Corporation's (hereinafter collectively "R&D") motions in limine, Filing Nos. 246, 248, 250, 252, and 254; and R&D's motion to strike, Filing No. 263.[1]

Although a motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gate-keeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can

---

[1] The motion to strike is just a technical correction; the wrong PDF was filed. The brief in support of R&D's motion in limine, Filing No. 250, is now found at Filing No. 264. Accordingly, the motion to strike will be granted.

better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of much of the challenged evidence in the context of a pretrial motion. The parties' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the scope of such an instruction at this time. The court will admit the challenged evidence only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court has reviewed the submissions of the parties and finds as follows.

### 1. Streck's Motion to Exclude Argument and Evidence Regarding Unasserted Claims of the Patents-in-Suit, Filing No. 234

Although the court finds the subject of the motion is more properly viewed as an objection to be raised at trial, the court notes it will generally sustain such an objection. Streck's motion relates to Dr. Simson's testimony that numerous other claims of the patents are invalid for various reasons such as lack of written description or indefiniteness. In an earlier order, this court found it lacked declaratory judgment jurisdiction over unasserted claims. Filing No. 262, Memorandum Opinion. The validity of claims other than those alleged to have been infringed is not an issue in this case and evidence with respect to those claims is generally not relevant. That said, some evidence that touches on the unasserted claims could be relevant for some purpose. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

## 2. Streck's Motion to Exclude Argument and Evidence at Trial Relating to "Reality Factors" in the Determination of Reasonable Royalty Damages, Filing No. 237

This motion relates to the expert testimony of Arthur H. Cobb, R&D's expert on damages. Streck wants to exclude evidence regarding certain "economic and business realities" in connection with the hypothetical license negotiation evidence. It contends that the topic was not disclosed in Mr. Cobb's expert report and it is contrary to law.

Although the hypothetical negotiation requires the assumption that the patents are valid, enforceable and infringed, the factors may be relevant to the issue of willfulness and can be considered by the jury to the extent they are helpful. Streck's substantive objection to Cobb's testimony appears to be the subject of either cross-examination, foundational or relevance objections, or argument. Streck's objections go more to the weight than to the admissibility of Cobb's testimony, subject to a proper showing of foundation and reliability. Whether the testimony should be excluded for failure to disclose will be discussed after jury selection.

Accordingly, the motion in limine is taken under advisement.

## 3. Streck's Motion to Exclude Evidence Relating to Current Interference Proceedings, Filing No. 240

Streck contends that R&D will improperly rely on evidence adduced in the interference proceeding. The court notes that no final decision has been issued in the interference action. and the interference action and this action involve different burdens of proof. It thus appears that there is potential of jury confusion with respect to interference-action issues. However, it is difficult to rule on the admissibility of such evidence in the context of a motion in limine. The court finds the motion can be adequately addressed at trial, either in a hearing immediately prior to commencement of the day's trial proceedings,

as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Generally, the motion is denied without prejudice to reassertion, but the court will limit the admission of declarations or affidavits that were submitted in the interference action to those in which a witness is not available to testify live at trial.

### 4. Streck's General Motion in Limine, Filing No. 243

Streck seeks an order instructing counsel to refrain from mentioning several topics without first approaching the bench and obtaining a ruling from the court. R&D concedes with respect to most if the challenged issues. Accordingly, the court will grant the motion to the extent that the parties agree. The court will require a strong showing of relevance with respect to any mention of the parties' wealth, the effect of an injunction or willfulness.

With respect to expert reports, the motion is denied without prejudice to reassertion at trial.

### 5. R&D's Motion in Limine to Exclude Certain Testimony on Diligence and Abandonment from Plaintiff's Expert Witnesses, Filing No. 246

This "priority" dispute between Streck and R&D involves the "diligence of Dr. Johnson and Dr. Ryan in reducing their inventions to practice.

Streck states that it does not intend to offer an expert opinion on that topic from Dr. Langley. James Janik, however, is expected to testify that Dr. Johnson was not diligent in reducing his invention to practice and abandoned it. Streck argues that Janik's testimony is technical in nature and will assist the jury.

The court finds that testimony that invades the province of the court or the jury will not be allowed, but testimony that merely assists the trier of fact will be allowed, subject to a showing of proper foundation and reliability. Accordingly, R&D's motion is denied without prejudice to reassertion at trial.

**6.     R&D's Motion in Limine to Exclude Evidence and Argument Regarding Licensing Negotiations or Offers to License, Filing No. 248**

R&D argues that offers to license are of little or no probative value in determining a reasonable royalty rate.  This motion is also in the nature of a Rule 403 objection.  It appears that R&D's contentions go to the weight rather than the admissibility of the evidence.  Accordingly, the motion will be denied without prejudice to reassertion at trial.

**7.     R&D's Motion in Limine to Exclude Evidence Regarding the Need for Scattergram Analysis, Filing No. 250, and Streck's Objection Thereto, Filing No. 265**

This motion relates to the long-running dispute between Streck and R&D regarding what type of testing and evidence is needed to prove that a "control composition" works for its intended purpose.  Streck argues that the scattergram analysis is highly probative of the issue of prior invention.  This testimony is relevant to the jury's determination that a patented control works for its intended purpose.  Again, testimony that invades the province of the court or jury will not be allowed, but testimony that merely assists the trier of fact will be allowed.  An expert's testimony will, of course, be subject to a showing of proper foundation and reliability.  If Streck establishes that scattergram analysis is an acceptable scientific technique to measure the patented control, as it previously has in this court, then the court will allow the testimony.  Accordingly, the court will deny the motion without prejudice to reassertion at trial.

**8.     R&D's Motion in Limine to Exclude Previously Unproduced Documents from Trial, Filing No. 252**

R&D seeks to exclude Trial Exhibits Nos. 76-79, 120, 580, and 621-628.  R&D's objections to Trial Exhibits 76-79 and 120 have been resolved by the parties.  The remaining objections can be resolved at trial.

**9.    R&D's Motion in Limine to Exclude Evidence Regarding Streck's Conception Prior to 1997, Filing No. 254**

This motion again involves the weight rather than the admissibility of the evidence, subject to proper showing of foundation and relevance. Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.

IT IS ORDERED:

1. Streck's motions in limine (Filing No. 234, 240, and 243) are granted in part and denied in part as set forth above;

2. Streck's motion in limine (Filing No. 237 ) is taken under advisement;

3. Streck's objection (Filing No. 265) is overruled;

4. R&D's motions in limine (Filing No. 246, 248, 250, 252, and 254) are denied without prejudice to reassertion at trial; and

5. R&D's motion to strike (Filing No. 263) is granted.

DATED this 15th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.