IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRECK, INC., a Nebraska corporation, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV458 |
| | ) | |
| v. | ) | |
| | ) | |
| RESEARCH & DIAGNOSTIC SYSTEMS, | ) | ORDER |
| INC., a Minnesota corporation, and | ) | |
| TECHNE CORPORATION, a Minnesota | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court after a telephonic status conference with counsel for the parties. Presently pending in this case are: Streck, Inc.'s ("Streck") motion for a permanent Injunction, Filing No. 325; Research & Diagnostic Systems and Techne Corp's (collectively, "R&D") renewed motion for judgment as a matter of law and motion for a new trial, Filing No. 326; R&D's motion to vacate the judgment and stay proceedings, Filing No. 327, and R&D's motion for review and reversal/modification of taxed costs, Filing No. 368.

After an eight-day trial ending on October 28, 2009, the jury found in favor of Streck in this patent infringement action. Filing No. 321, Judgment. On November 2, 2009, the United States Patent and Trademark Office found in favor of R&D on the issue of priority in a related interference action. *See* United States Patent and Trademark Office ("USPTO"), Board of Patent Appeals and Interferences (the Board"), Patent Interference No. 105,522. R&D's motion to vacate the judgment and stay proceedings is based on its contention that the Board's priority decision operates to collaterally estop Streck from enforcing the court's judgment. Streck has challenged the decision of the Board under 35 U.S.C. § 146 in an action presently pending in this court. *See Streck, Inc. v. Research and*

*Diagnostic Systems, Inc.*, Case No. 8:09CV410 (D. Neb.) ("the interference appeal"). Accordingly, the decision of the Board is not a final decision and cannot be accorded collateral estoppel effect.  The court further finds that there is no need to stay enforcement of the judgment in light of the parties' agreement that the court should defer ruling on R&D's motion for a new trial and Streck's motion for a permanent injunction until it resolves the issues in the interference appeal, allowing the two cases to be appealed together. Accordingly, the court finds R&D's motion to vacate and stay should be denied.

As noted, the parties agree that the court should defer consideration of R&D's motion for new trial and Streck's motion for permanent injunction until the court rules on the interference appeal.  R&D's motion has been fully briefed.  Streck has indicated that it may supplement the record with respect to the injunction issue.  Accordingly, the court will set a deadline for submission of additional evidence and a briefing schedule on the injunction motion.  The court will hold  R&D's motion for new trial and Streck's motion for permanent injunction in abeyance pending submission of the patent interference appeal to the court, at which time the motions will be considered submitted.

With respect to R&D's motion for review and reversal/modification of taxed costs, the court has reviewed the motions and the parties' respective submissions and finds the motion should be denied.  R&D's contention that Streck incurred unnecessary costs by refusing to stay the action pending resolution of the interference action is without merit. See Filing No. 133, Order denying stay.  The clerk of court taxed costs in the amount of $36,690.18 on Streck's application seeking $50,996.11 in costs.  The clerk of court properly disallowed fees for deposition expenses in connection with the interference action and fees for daily and expedited trial transcripts.   Filing No. 367, Summary of taxation of costs.  R&D argues that the clerk improperly assessed costs for photocopies, for

depositions that were not used at trial, and for certain videotaped depositions and contends that the award should amount to only $12,726.12. The court has reviewed the clerk's assessment and the parties' submissions and finds R&D's motion should be denied. Judgment for taxable court costs will not be entered until the court decides R&D's motion for new trial. Accordingly,

IT IS ORDERED:

1. R&D's renewed motion for judgment as a matter of law and motion for a new trial (Filing No. 326) will be held in abeyance until the appeal of the interference action is submitted.

2. R&D's motion to vacate the judgment and stay proceedings (Filing No. 327) is denied.

3. R&D's motion for review and reversal/modification of taxed costs (Filing No. 368) is denied.

4. Streck shall designate any additional evidence in connection with its motion for a permanent injunction (Filing No. 325) on or before May 3, 2010.

5. R&D shall file any objections thereto on or before June 3, 2010.

6. Streck shall respond on or before June 17, 2010.

7. Oral argument is set for July 22, 2010, at 9:00 a.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 5th day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge